UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Angela Baron,                                                   Case No. 3:16-cv-1428

        Plaintiff

    v.                                                          MEMORANDUM OPINION

State of Ohio Veterans Home,

        Defendant

## I. INTRODUCTION

Defendant State of Ohio Veterans Home ("OVH") moved for summary judgment on the single claim alleged in the Complaint, retaliation in violation of Title VII. (Doc. No. 31). Plaintiff Angela Baron filed a memorandum in opposition, (Doc. No. 36), and Defendant replied, (Doc. No. 37).

## II. BACKGROUND

In or around June 2015, Baron filed a complaint of sexual harassment against her supervisor at the time, Mick Oppy. (Doc. No. 27 at 147; Doc. No. 27-1 at 2; Doc. No. 27-3 at 2). Oppy was subsequently terminated in or around July 2015, allegedly for sexual harassment. (Doc. No. 27 at 41, 148; Doc. No. 27-3 at 2). Following Oppy's termination, Robin Carlin was hired on an interim basis to ensure "things were functioning properly." (Doc. No. 29 at 24-25). To do so, Carlin regularly investigated inquiries by the union and the employees. (Doc. No. 29 at 37-39). One such inquiry, made by the union in September 2015, asked whether Baron was considered a full-time or part-time employee. (Doc. No. 27 at 44-46; Doc. No. 29 at 34-35). While Baron was classified as a part-time employee, she had been working forty hours per week for at least six years. (Doc. No. 27-3 at 2). After conducting an investigation, Carlin determined Baron to be a part-time employee as classified

in her job description and reduced Baron's hours to comply with the part-time classification. (Doc. No. 29 at 39-40). Baron alleges her hours were reduced in retaliation for filing the sexual harassment complaint. (Doc. No. 27-3).

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. DISCUSSION

"Title VII of the Civil Rights Act of 1964… provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers." *Univ. of Tex. S. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). The Title VII claim asserted here relates to the associated wrong of "employer retaliation on account of an employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *Id.* (citing 42 U.S.C. § 2000e-3(a)).

Because Baron provides no direct evidence of retaliation, this Title VII retaliation claim is analyzed under the *McDonnell Douglas/Burdine* burden-shifting framework. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 544 (6th Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)). That is, the burden is first on the employee to establish a *prima facie* case of retaliation by a preponderance of the evidence. *Burdine*, 450 U.S. at 252. If the employee is able to do so, the burden shifts to the employer "to articulate

2

some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). Finally, the employee must then "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.*

### A. *PRIMA FACIE* CASE

To establish a *prima facie* case of retaliation, Baron must show:

> (1) [she] engaged in protected activity, (2) this exercise of [her] protected civil rights was known to the defendant, (3) the defendant thereafter took an employment action adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action.

*Imwalle*, 515 F.3d at 544 (further citation omitted). Only the fourth element of causal connection is disputed. (Doc. No. 31 at 9). "Th[is] final element requires proof of so-called 'but-for' causation, meaning that the plaintiff must furnish evidence that 'the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *Mys v. Mich. Dep't of State Police*, 886 F.3d 591, 600 (6th Cir. 2018) (quoting *Nassar*, 570 U.S. at 360).

Here, Baron alleges that "but for" her sexual harassment complaint, her hours would not have been reduced. In support, she alleges she received disparate treatment in that no other employees' hours were similarly reduced. She also alleges the temporal proximity between her complaint and the reduction of hours evinces retaliation.

First, Baron's claim that she received disparate treatment is unfounded because she does not allege there was any other part-time employee was working forty hours a week. As such, there is no similarly-situated employee who was in a position to have his hours reduced for the same reasons.

Accordingly, Baron will satisfy her *prima facie* burden only if she is able to demonstrate a "but for" causal connection solely by temporal proximity. But temporal proximity alone will suffice only in the *rare* case "[w]here an adverse employment action occurs very close in time after an employer learns of a protected activity." *Mickey v. Zeider Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008); s*ee also Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010) ("[W]e have rarely found a

3

retaliatory motive based only on temporal proximity."). Instead, "where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Mickey*, 516 F.3d at 525. Further, "an intervening legitimate reason…dispels an inference of retaliation based on temporal proximity." *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 472 (6th Cir. 2012).

In this case, Baron made the sexual harassment complaint in or around June 2015. (Doc. No. 27 at 147; Doc. No. 27-1 at 2; Doc. No. 27-3 at 2). In July 2015, following and allegedly as a result of Baron's sexual harassment complaint, Oppy was fired. (Doc. No. 27 at 41, 148; Doc. No. 27-3 at 2). Baron does not cite this temporal proximity, but instead alleges the temporal proximity at issue is between the time *Carlin*, not OVH, learned of the complaint and the time Baron's hours were reduced. I do not agree. The testimony of both Baron and Carlin make clear Carlin pursued the investigation of Baron's employment status at the request of the union, not in response to any recently-acquired knowledge of Baron's sexual harassment complaint. (Doc. No. 27 at 44-46; Doc. No. 29 at 34-35). Baron welcomed this investigation with hopes that she would be converted to a full-time employee at its conclusion. (Doc. No. 27 at 44-46). Only when the investigation did not result in her favor did Baron complain it was pursued in retaliation. But there is nothing to support this inference.

Because there is no evidence that the investigation into her hours nor the resulting reduction was caused in any way by her sexual harassment complaint, Baron falls short of her burden to prove a *prima facie* case of Title VII retaliation.

**B.    PRETEXT**

Even if Baron was able to establish a *prima facie* case, the claim would not survive summary judgment. OVH stated Baron's hours were reduced to comply with the part-time classification of her position, a decision it claims was supported by the outcome of an investigation which revealed

there was too little work to justify full-time hours for the part-time position. Thus, the burden shifts back to Baron to prove this reason was merely a pretext. Baron can make such a showing in one of three ways:

> (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action.

*Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) (citation omitted). Baron admits she was classified as a part-time employee but challenges the truthfulness of the proffered reason as well as the legitimacy of the investigation.

Regarding the investigation OVH pursued to arrive at the reason, Baron alleges the investigation was flawed because her direct supervisor was not known by Carlin and was never consulted. This is true, but the investigation need not be "optimal" to be sufficient. *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998). Instead, "the key inquiry in assessing whether an employer holds such an honest belief is whether the employer made a reasonably informed and considered decision before taking the complained-of action. An employer has an honest belief in its rationale when it reasonably relied on the particularized facts that were before it at the time the decision was made." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 398 (6th Cir. 2008) (further quotation omitted).

In this case, Carlin made the decision after reviewing Baron's formal hiring documentation, along with Baron's payroll history and documentation of her work supplied by Chris Kaufman, the supervisor of Baron's supervisor. (Doc. No. 29 at 43-44, 55-57). The documentation of Baron's work consisted of formal work orders along with a Word document composed by Baron herself. ((Doc. No. 29 at 55-56). Baron claims the work orders provided an incomplete depiction of her hours, but the additional Word document does not sufficiently account for the alleged discrepancy. Instead, the document states only the tasks Baron had completed or was scheduled to complete without any details as to the number of hours those tasks required. (Doc. No. 27-22).

5

I acknowledge Baron's allegation that the document was hurriedly composed and sympathize with her position. But, without more, I cannot consider this admittedly undetailed account to be "sufficient evidence from which the jury could reasonably reject [OVH's] explanation and infer that the [OVH] ... did not honestly believe in the proffered nondiscriminatory reason for its adverse employment action." *Tingle v. Arbors of Hilliard*, 692 F.3d 523, 531 (6th Cir. 2012) (quoting *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2011)). That is, given the evidence acquired through this reasonable investigation, OVH had an "honest belief" that Baron's part-time position did not require the forty hours of work for which she was being paid.[1] As such, Baron cannot establish the decision was a pretext for discrimination.

## V. Conclusion

While these are regrettable circumstances, there is no evidence that would allow me – or a jury – to conclude OVH's decision to reduce Baron's hours to comply with her part-time classification was made in retaliation for Title VII protected conduct. Therefore, for the foregoing reasons, OVH's motion for summary judgment is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

---

[1] Further evidence supports concluding the position did not require forty hours per week: Baron admitted that in 2015, prior to the reduction of hours, she never worked a full 80 hours in a two-week pay period. (Doc. No. 27 at 136-46).